OPINION *Page 2 
{¶ 1} Defendant-appellant Raymond Foy appeals from his convictions and sentences in the Stark County Court of Common Pleas on one count of aggravated robbery, a felony of the first degree, in violation of R.C.2911.01 (A) (1), with a firearm specification in violation of R.C.2941.145, one count of having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13 (A) (2), and one count of carrying a concealed weapon a felony of the fourth degree in violation of R.C. 2923.12(A)(2). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 2, 2006, Geoffrey Ziegler was working as the assistant manager at the American Rescue Workers store in Canton. Appellant had come to the store earlier on the day in question. When appellant returned later in the day, Mr. Ziegler and Charles Ramsden were closing the store. The two men had counted the store's money and locked the store's door. As they left, with Ramsden carrying about a thousand dollars, appellant asked to go back into the store because he could not find his keys. The men opened the store back up and all three men went back inside the store.
 {¶ 3} Once inside the store, appellant pulled a handgun and demanded money. To emphasize his point, appellant pulled the slide of the handgun back, cocking it, and pointed it at Mr. Ziegler. Mr. Ziegler tried to talk appellant out of it, but being unsuccessful, told Mr. Ramsden to give appellant the cash. Mr. Ramsden then gave the $1,000 to appellant, who then left the store.
 {¶ 4} On May 15, 2006, John Greco, president of Genesis Plastics Company, was approached by appellant about getting his old job back. During their conversation, *Page 3 
appellant produced a handgun and told Mr. Greco that he needed money. Mr. Greco told appellant to sit down and put the gun away, which appellant did. Mr. Greco then gave appellant money. Mr. Greko testified that he would have given the appellant money even if he had not produced a gun.
 {¶ 5} On May 19, 2006, Canton Police Officer Lester Marino was on patrol when he received a radio call about someone matching appellant's description. A warrant for appellant's arrest was outstanding. Officer Marino found appellant walking along the 200 block of Fulton Road in Canton. When Officer Marino exited his marked cruiser, he ordered appellant to stop, turn around very slowly, and place his hands on the cruiser. Appellant complied, saying, "You got me." As Officer Marino began to place a pair of handcuffs on appellant, appellant told the officer that he had a gun. Officer Marino asked appellant where it was, and appellant informed the officer that the weapon was in the front waistband of his pants. The officer retrieved a 9 mm Glock semiautomatic handgun. Officer Marino unloaded the gun by removing the magazine clip, secured the weapon, and transported appellant to police headquarters. A subsequent test of this weapon by the Crime Lab revealed that the gun was an operable firearm.
 {¶ 6} Before trial, appellant opted to represent himself, despite the warnings of the trial court. The court had appointed private counsel to represent him, and had private counsel continue representation as a "shadow counsel." In other words, counsel was to attend all proceedings and be available for appellant to consult at all times.
 {¶ 7} The jury found appellant guilty as charged in the indictment. The trial court, upon accepting the jury's verdict, sentenced appellant on the record to an aggregate prison term of fourteen years. The court sentenced him to eight years in *Page 4 
prison for the aggravated robbery charge, and to the mandatory consecutive three-year term for the firearm specification; the court also imposed a consecutive three-year term for the having weapons under disability conviction, and a concurrent fourteen-month term for the carrying concealed weapons charge. The initial sentencing judgment entry imposed the same prison terms, but had erroneously provided that all of the sentences, including the one for the mandatory three-year term for the firearm specification, were to be imposed concurrently, for an aggregate prison term of eight years. This sentencing entry was corrected by a subsequent nunc pro tunc sentencing entry that memorialized the imposed fourteen-year aggregate prison term.
 {¶ 8} Appellant thereafter filed this delayed appeal from his convictions and sentences. After appointed appellate counsel filed a brief on appellant's behalf, appellant sought to strike that brief and file his own. This Court denied appellant's request to strike appointed counsel's brief. However, we allowed counsel to withdraw. We will consider both appointed counsel's and the appellant's pro se briefs.
 {¶ 9} Appointed counsel has raised the following assignments of error on appellant's behalf:
 {¶ 10} "I. APPELLANT WAS DEPRIVED OF HIS RIGHT TO COUNSEL UNDER THESIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
 {¶ 11} "II. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 12} "III. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A PRISON TERM OF FOURTEEN YEARS." *Page 5 
 {¶ 13} The appellant has raised the following assignments of error pro se:
 {¶ 14} "I. COUNT ONE OF THE INDICTMENT DOES NOT CHARGE AN OFFENSE. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION. APPELLANT'S CONVICTION IS VOID.
 {¶ 15} "II. THE STATE DID NOT PROVE APPELLANT HAD BEEN CONVICTED OF 1ST OR 2ND DEGREE FELONY OR RELEASED FROM IMPRISONMENT OR POST RELEASE CONTROL FOR SUCH FELONY WITHIN 5 YEARS OF INSTANT CHARGE FOR 3RD DEGREE FELONY WEAPON WHILE UNDER DISABILITY.
 {¶ 16} "III. COUNT THREE OF THE INDICTMENT IS A MISDEMEANOR OF THE 1ST DEGREE; STATE CHARGED APPELLANT WITH A FELONY OF THE 4TH DEGREE."
 ASSIGNED COUNSEL'S FIRST ASSIGNMENT OF ERROR {¶ 17} In his First Assignment of Error, appellant's assigned counsel contends the trial court erred and violated appellant's constitutional rights by not granting a continuance to allow him to have stand-by counsel take over as trial counsel. We disagree.
 {¶ 18} The Sixth Amendment, made applicable to the States through theFourteenth Amendment, guarantees that a defendant in a criminal trial has an independent right of self-representation, and that he may proceed to defend himself without counsel when he voluntarily, knowingly, and intelligently elects to do so. State v. Gibson (1976),45 Ohio St.2d 366, 377, 345 N.E.2d 399, citing Faretta v. California (1975),422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. A criminal defendant may waive this right to counsel either expressly or impliedly from the circumstances of the case. *Page 6 State v. Weiss (1993), 92 Ohio App.3d 681, 684, 637 N.E.2d 47. An effective waiver of counsel requires the trial court to ". . . make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." Gibson, supra, at paragraph two of the syllabus.
 {¶ 19} In the case at bar, appellant concedes that he knowingly, intelligently and voluntarily waived his right to counsel and chose to exercise his right to self-representation. He simply argues that the trial court's appointment of stand-by counsel was a tacit recognition that appellant was not capable of representing himself. Appellant contends that at the conclusion of voir dire and jury selection he indicated to the trial court that "[i]f it wasn't so late in the ball game, I would turn it over to him [appointed counsel], but it's too late now." [1T. at 101].
 {¶ 20} In the case at bar, appellant's "shadow counsel" filed for discovery, a Bill of Particulars, and a transcript of the preliminary hearing testimony. Appellant filed a motion to suppress, pro se, and conducted the evidentiary hearing on the motion to suppress on August 4, 2006. During that hearing, the trial court again advised appellant of the danger of proceeding without an attorney. [Transcript of Suppression Hearing, August 4, 2006 at 50-52]. During the course of this appeal, appellant filed motions to discharge his court-appointed appellate attorney and to strike the brief of said attorney.
 {¶ 21} We note, "a criminal defendant's decision to represent himself is generally problematic for trial courts. On the one hand, self-representation is an important right and a refusal to grant a defendant the right to appear pro se at trial may warrant a reversal. On the other hand, when a pro se defendant does not receive the desired outcome at trial, a court's decision to allow him to proceed pro se presents an easy *Page 7 
target to raise on appeal. This is not a case in which a defendant has been denied counsel, nor is it a situation in which we must discern whether a defendant impliedly waived his right to counsel. To the contrary, in the instant case appellant insisted that he wanted to exercise his right of self-representation and was emphatic that he be allowed to proceed in that manner. The trial court implored him not to proceed on his own and, even after it permitted him to do so, directed that his public defender remain available to assist him." State v.Doyle, 4th Dist. No. 04 CA 23, 2005-Ohio-4072 at ¶ 19.
 {¶ 22} As was true in Doyle, supra, appellant in the case at bar was not denied counsel. Appellant insisted, and continues to insist he be permitted to exercise his right to self-representation. Even though this Court has permitted appellant to file a supplemental brief pro se, we have considered the brief filed by counsel.
 {¶ 23} In sum, there was not a denial of appellant's right to counsel in the case at bar. Rather, the trial court honored appellant's constitutional right to self-representation.
 {¶ 24} Accordingly, assigned counsel's first assignment of error is overruled.
 ASSIGNED COUNSEL'S SECOND ASSIGNMENT OF ERROR {¶ 25} In his Second Assignment of Error appellant maintains that his conviction is against the sufficiency and the manifest weight of the evidence. We disagree.
 {¶ 26} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenges questions whether the State has met its burden of persuasion." State v. Thompkins (1997), 78 Ohio St.3d 380, 390. *Page 8 
 {¶ 27} In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, superseded by State constitutional amendment on other grounds inState v. Smith (1997), 80 Ohio St.3d 89.
 {¶ 28} Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks, supra. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172, 175. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Thompkins, 78 Ohio St.3d at 386.
 {¶ 29} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. State v. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 388. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court. Karches v. Cincinnati (1988), 38 Ohio St.3d 12,19. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." State *Page 9 v. demons (1998), 82 Ohio St.3d 438, 444, citing State v. Jenks,61 Ohio St.3d at 273. Therefore, this Court's "discretionary power * * * should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; See, also, Otten, 33 Ohio App.3d at 340.
 {¶ 30} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 31} In State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541, the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary." Id., paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id., paragraph four of the syllabus;State v. Miller (2002), 96 Ohio St.3d 384, 2002-Ohio-4931 at ¶ 38,775 N.E.2d 498.
 {¶ 32} Appellant first challenges his conviction for aggravated robbery. Aggravated robbery is defined as follows: "No person, in attempting or committing a theft offense, as defined in Section 2913.01
of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following: Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it." In *Page 10 
this case, appellant used a firearm to steal money from Mr. Ziegler and Mr. Ramsden. While appellant challenges the credibility of these witnesses, he points to nothing in the record to show that these witnesses were incredible and that the jury lost its way in believing them.
 {¶ 33} Appellant, in the case sub judice, was further convicted of a firearm specification pursuant to R.C. 2941.145. Such section states, in relevant part, as follows: "(A) Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14
of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." In turn, "firearm" is defined in R.C. 2923.11 as follows: "(B)(1) "Firearm" means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. `Firearm' includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable." Appellant further contends that the operability of the gun was in question.
 {¶ 34} Pursuant to R.C. 2923.11(B)(2), "[w]hen determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm." Thus, in determining whether a firearm was operable or could have been rendered operable at the time of the offense, the trier of fact is permitted to *Page 11 
consider all relevant facts and circumstances surrounding the crime, including any implicit threats made by the individual controlling the firearm. State v. Thompkins, 78 Ohio St.3d 383, 1997-Ohio-52,678 N.E.2d 541, paragraph one of the syllabus. See also State v. Murphy (1990),49 Ohio St.3d 206, 551 N.E. 932. As noted by the Ohio Supreme Court inThompkins, supra "it should be abundantly clear that where an individual brandishes a gun and implicitly but not expressly threatens to discharge the firearm at the time of the offense, the threat can be sufficient to satisfy the state's burden of proving that the firearm was operable or capable of being readily rendered operable." Id. at 384, 678 N.E.2d 541.
 {¶ 35} Upon our review of the record and after reviewing all relevant facts and circumstances surrounding the crime, we find that appellee proved beyond a reasonable doubt that the firearm used by appellant was operable or could have been readily rendered operable at the time of the offense.
 {¶ 36} In this case, appellant pull his handgun from his waistband, pulled the slide back, and pointed the gun at Mr. Ziegler and Mr. Ramsden. Mr. Ziegler spent ten minutes trying to convince him not to go through with this, but appellant insisted and persisted, demanding the money. Under the facts and circumstances, the evidence was sufficient to prove the operability of the gun.
 {¶ 37} Appellant was also convicted of having a weapon while under a disability. Having weapons while under disability proscribes a person from knowingly acquiring, having, carrying, or using any firearm when the person "has been convicted of any felony offense of violence". Appellant was under a disability because of a prior conviction for robbery, which is a felony offense of violence. R.C. 2901.01(A) (9) (a). *Page 12 
[1T. at 176-77; 2T. at 367]. Appellant had a used firearm to commit his aggravated robbery against Mr. Ziegler and Mr. Ramsden, had a firearm when he asked Mr. Greco for money, and had a firearm on his person when he was arrested. This evidence was sufficient to convict him of this offense.
 {¶ 38} Finally, appellant was convicted of carrying a concealed weapon. This offense prohibits a person from knowingly carrying or having a handgun "concealed on the person's person or concealed ready at hand." Again, the evidence demonstrated that appellant had his loaded 9 mm Glock semiautomatic handgun concealed on his person at the time of his arrest.
 {¶ 39} Although appellant cross-examined the witnesses and argued that he did not commit a theft offense, the State failed to prove the gun was operable and, further that the State's witnesses were not credible because their testimony was conflicting, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 40} Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections that cannot be conveyed to us through the written record, Miller v. Miller (1988),37 Ohio St. 3d 71.
 {¶ 41} In Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81,461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in *Page 13 
law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." See, also State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 42} The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness' credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236 Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v. Antill (1964),176 Ohio St. 61, 67, 197 N.E.2d 548.; State v. Burke, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citing State v. Caldwell (1992),79 Ohio App.3d 667, 607 N.E.2d 1096. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. State v. Jenks (1991),61 Ohio St. 3d 259, 574 N.E. 2d 492.
 {¶ 43} We conclude the trier of fact, in resolving the conflicts in the evidence, did not create a manifest injustice to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the crime of aggravated robbery, with the attendant firearm specification; the crime of having a weapon while under a disability; and the crime of carrying a concealed weapon.
 {¶ 44} Accordingly, assigned counsel's Second Assignment of Error is overruled. *Page 14 
 ASSIGNED COUNSEL'S THIRD ASSIGNMENT OF ERROR {¶ 45} Appellant's assigned counsel in his Third Assignment of Error challenges appellant's sentence because the trial court's first sentencing entry provided that all four sentences were to run concurrently. We disagree because this sentencing entry was incorrect and did not accurately reflect the sentence the trial court imposed at the conclusion of trial.
 {¶ 46} After the jury returned its guilty verdict, the trial court proceeded with sentencing:
 {¶ 47} "THE COURT: Mr. Foy, I have heard the testimony in this case. Ah, and based on the fact that this was a serious felony offense, with your prior record taken into consideration, which also was a robbery, the use of a gun, ah, the Court is going to impose a sentence of three years with regard to the gun specification, as required by law. That time will be served consecutive to any other time imposed. Is going to impose a sentence of eight years with regard to the aggravated robbery, to be served consecutive to the gun specification. Sentence-of 3 years with regard to having a weapon while under disability, which time will be served consecutive to all other time, and 12 months for carrying concealed weapon, which time will be served concurrent, at the same time, as a having weapon while under disability." [2T. at 396-397].
 {¶ 48} However, the trial court's sentencing entry filed August 11, 2006 stated that the prison terms for all four counts were to be served concurrently. The trial court filed a judgment entry on August 21, 2006 to correct this error. The court issued said Judgment Entry "Nun Pro Tunc as of 8/11/06." *Page 15 
 {¶ 49} The Ohio Supreme Court, in State ex rel Cruzado v.Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, discussed two exceptions to the general rule that a trial court lacks authority to reconsider its own valid final judgments in criminal cases. TheCruzado court explained that a trial court is authorized to correct a void sentence. Additionally, a trial court can correct clerical errors in the judgment.
 {¶ 50} We find the trial court's action in the case sub judice corrected a void sentence. In the original Judgment Entry, the court did not impose the mandatory prison term for the firearm specification consecutively to the underlying felony offense. R.C. 2941.145; R.C.2929.14(D) (1) (a) (ii). "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." State v. Beasley (1984), 14 Ohio St.3d 74, 75,471 N.E.2d 774. "[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to re-sentence the defendant." State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, ¶ 23.
 {¶ 51} Further, the appellant falls within the second exception. The original August 11, 2006 entry was erroneous on its face since the mandatory three-year prison term for the firearm specification had to be imposed consecutively to the underlying felony offense. Further, the entry was erroneous because it reflects a `clerical mistake,' i.e. a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." Cruzado, supra,111 Ohio St.3d at 356, 2006-Ohio-5795 at ¶ 19, 856 N.E.2d at 267.
 {¶ 52} The trial court shortly after sentencing filed its nunc pro tunc judgment entry to accurately reflect the sentence it imposed on the record, i.e., an aggregate *Page 16 
prison term of 14 years. The trial court exercised its inherent authority to correct an incorrect judgment entry.
 {¶ 53} Assigned counsel's Third Assignment of Error is overruled.
 PRO SE ASSIGNMENT OF ERROR NO. I {¶ 54} Appellant's First pro se Assignment of Error challenges the indictment relative to the aggravated robbery charge. He essentially argues that the indictment was defective for not including all the elements of the charged offense, or the State's theory of the case. Because of this defect, appellant claims that the trial court lacked jurisdiction to try this case. We disagree.
 {¶ 55} In State v. Murphy (1992), 65 Ohio St.3d 554, 583,605 N.E.2d 884, the Ohio Supreme Court held that an indictment for aggravated robbery is sufficient if it tracks the language of R.C. 2911.01(A) (1). In Murphy, the Ohio Supreme Court also noted that the appellant was able to obtain further details through a bill of particulars. A Bill of Particulars which supplied much of the information he now claims he lacked was filed in the case at bar on July 19, 2006. Further the indictment in the case at bar tracks the statutory language.
 {¶ 56} Appellant's first pro se assignment of error is overruled.
 PRO SE ASSIGNMENT OF ERROR NO. II. {¶ 57} In his Second pro se Assignment of Error, appellant challenges the indictment against him on the charge of having weapons while under disability. He argues that the offense was erroneously charged as a third degree felony. We disagree. *Page 17 
 {¶ 58} R.C. 2923.13 in effect at the time the offense was committed by appellant provides:
 {¶ 59} "(A) Unless relieved from disability as provided in Section2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
 {¶ 60} "(1) The person is a fugitive from justice.
 {¶ 61} "(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.
 {¶ 62} "(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.
 {¶ 63} "(4) The person is drug dependent, in danger of drug dependence, or a chronic alcoholic.
 {¶ 64} "(5) The person is under adjudication of mental incompetence, has been adjudicated as a mental defective, has been committed to a mental institution, has been found by a court to be a mentally ill person subject to hospitalization by court order, or is an involuntary patient other than one who is a patient only for purposes of observation. *Page 18 
As used in this division, `mentally ill person subject to hospitalization by court order' and `patient' have the same meanings as in section 5122.01 of the Revised Code.
 {¶ 65} "(B) Whoever violates this section is guilty of having weapons while under disability, a felony of the third degree."
 {¶ 66} Appellant was under a disability because of a prior conviction for robbery, which is a felony offense of violence. R.C. 2901.01(A) (9) (a). [1T. at 176-77; 2T. at 367].
 {¶ 67} Appellant's reliance upon a version of the statute that existed prior to 2004 is misplaced.
 {¶ 68} Appellant's Second pro se Assignment of Error is overruled.
 PRO SE ASSIGNMENT OF ERROR NO. III. {¶ 69} In his Third pro se Assignment of Error appellant contends that the indictment charging him with carrying a concealed weapon overcharged him. Appellant argues that the offense should have been a first-degree misdemeanor instead of a fourth degree felony. We disagree.
 {¶ 70} R.C. 2923.12(G) (1), the provision of the carrying concealed weapons statute that prescribes the level of offense:
 "Except as otherwise provided in this division or division (G) (2) of this section, if the offender previously has been convicted of a violation of this section or of any offense of violence, if the weapon involved is a firearm that is either loaded or for which the offender has ammunition ready at hand, or if the weapon involved is dangerous ordnance, carrying concealed weapons in violation of division (A) of this section is a felony of the fourth degree."
 {¶ 71} In the case at bar, Officer Marino testified that he removed a loaded semi-automatic handgun from appellant when he arrested him. [1T. at 230-232]. In addition, *Page 19 
appellant had previously been convicted of an offense of violence. [1T. at 176-77; 2T. at 367]. Therefore, the offense was properly charged as a fourth degree felony, and appellant was properly convicted and sentenced for the same.
 {¶ 72} Accordingly, appellant's Third pro se Assignment of Error is overruled.
 {¶ 73} For the foregoing reasons, the judgment of the Stark County Court of Common Pleas, Ohio, is affirmed.
 By: Gwin, P.J., Farmer, J., and Edwards, J., concur *Page 20 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Ohio, is affirmed. Costs to appellant. *Page 1