[Cite as *State v. Andrews*, 2016-Ohio-5905.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss:  NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

STATE OF OHIO  C.A. No.    28185

    Appellee

    v.  APPEAL FROM JUDGMENT
ENTERED IN THE
JAY SHERIDAN ANDREWS  COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
    Appellant  CASE No.    CV 2009-06-1956

DECISION AND JOURNAL ENTRY

Dated: September 21, 2016

HENSAL, Judge.

{¶1}  Defendant-Appellant, Jay Sheridan Andrews, appeals from a judgment of the Summit County Court of Common Pleas, denying his Motion to Correct a Facially Illegal Sentence. For the following reasons, this Court affirms.

I.

{¶2}  In 2009, a jury convicted Mr. Andrews of two counts of felonious assault with repeat-violent-offender specifications. The trial court sentenced Mr. Andrews to eight years of incarceration for each felonious assault count to run concurrently, and seven years of incarceration for each repeat-violent-offender specification to run concurrently. The trial court ordered the repeat-violent-offender sentences and the felonious assault sentences to run consecutively, for a total of 15 years of incarceration.

{¶3}  Mr. Andrews filed a direct appeal, arguing that his trial counsel was ineffective, that his convictions were based on insufficient evidence, that his convictions were against the

manifest weight of the evidence, and that the prosecutor's remarks during closing argument deprived him of a fair trial. *State v. Andrews*, 9th Dist. Summit No. 25114, 2010-Ohio-6126, ¶ 9. This Court overruled each assignment of error and affirmed Mr. Andrews's convictions on December 15, 2010. *Id.* at ¶ 39.

{¶4} Almost five years later, on September 21, 2015, Mr. Andrews filed a document captioned "Motion to Correct a Facially Illegal Sentence[.]" In his motion, Mr. Andrews argued that his sentence was void because the trial court determined that the two counts of felonious assault were allied offenses of similar import under Revised Code Section 2941.25, but then erroneously imposed two concurrent sentences for those offenses. He, therefore, requested the trial court to vacate its void sentence and hold a new sentencing hearing. The trial court denied Mr. Andrews's motion, holding that it was an untimely petition for post-conviction relief. Mr. Andrews now appeals, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

A TRIAL COURT'S ERRONEOUS INTERPRETATION OF THE LAW PURSUANT TO STATE V. BUSH (2002), 96 OHIO ST. 3D 235, STATE V. FISCHER (2010), 128 OHIO ST. 3D 92, AND OHIO CRIMINAL RULES OF PROCEDURE IS PLAIN ERROR AND DEPRIVED APPELLANT OF A SUBSTANTIAL RIGHT.

{¶5} In his sole assignment of error, Mr. Andrews argues that the trial court erred by construing his Motion to Correct a Facially Illegal Sentence as an untimely petition for post-conviction relief and denying it on that basis. We disagree.

{¶6} In *State v. Reynolds*, the Ohio Supreme Court held that a motion, despite its caption, may be construed as a petition for post-conviction relief under Section 2953.21(A)(1) when it: (1) is filed subsequent to a direct appeal; (2) claims a denial of constitutional rights; (3)

seeks to render the judgment void; and (4) asks for a vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997). Mr. Andrews's motion meets all four requirements: (1) it was filed subsequent to his direct appeal, which he filed in 2009; (2) he claimed a denial of his constitutional rights (namely, his right against double jeopardy); (3) he sought to render the judgment void; and (4) he moved the trial court to vacate the judgment and sentence.

{¶7} Mr. Andrews, however, cites the Ohio Supreme Court's decision in *State v. Bush* in support of his position that the *Reynolds* analysis does not apply to his motion. *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993. Specifically, he argues that *Bush* stands for the proposition that *Reynolds* only applies when a motion fails to indicate whether it is a petition for post-conviction relief or a motion filed pursuant to a specific rule of criminal procedure. *Bush* at ¶ 10. He argues that because he filed his motion under a specific criminal rule (i.e., Criminal Rule 47), the trial court erred by construing it a petition for post-conviction relief. Mr. Andrews also cites the Ohio Supreme Court's decision in *State v. Fischer* for the proposition that a motion to correct an illegal sentence may be brought at any time. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 25.

{¶8} Mr. Andrews's arguments are unpersuasive. While his motion does indicate that it is being filed pursuant to Criminal Rule 47 ("Motions"), that rule simply provides, in part, that "[a]n application to the court for an order shall be by motion." This is distinguishable from *Bush*, wherein the Court specifically held that the statutes governing petitions for post-conviction relief do not govern motions to withdraw a guilty plea under Criminal Rule 32.1. *Bush* at ¶ 14. Further, to the extent that Mr. Andrews argues that a void sentence may be challenged at any time, this Court has held that "the failure to merge allied offenses of similar import does not

result in a void sentence." *State v. Robinson*, 9th Dist. Summit No. 27663, 2015-Ohio-3329, ¶ 5. Thus, despite his arguments, the trial court properly construed his motion as a petition for post-conviction relief.

{¶9} We now turn to the timeliness of Mr. Andrews's motion. Section 2953.21(A)(2) provides that when a direct appeal is taken, a petition for post-conviction for relief shall be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" Here, Mr. Andrews filed his petition more than five years after the date on which the trial transcript was filed in his direct appeal. Under Section 2953.23(A)(1), a court has no jurisdiction to hear an untimely or successive petition for post-conviction relief, unless both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶10} Mr. Andrews, however, has not established that these sections apply. The trial court, therefore, lacked jurisdiction to entertain his untimely petition for post-conviction relief. Accordingly, Mr. Andrews's assignment of error is overruled.

III.

{¶11} Mr. Andrews's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JAY SHERIDAN ANDREWS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.