[Cite as *State v. Andrews*, 2018-Ohio-2539.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28779 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| JAY SHERIDAN ANDREWS | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2009-06-1956 |

DECISION AND JOURNAL ENTRY

Dated: June 29, 2018

TEODOSIO, Presiding Judge.

{¶1} Appellant, Jay Sheridan Andrews, appeals from his resentencing in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} We previously outlined the underlying facts in this case on direct appeal. *See State v. Andrews*, 9th Dist. Summit No. 25114, 2010-Ohio-6126, ¶ 2-9. To summarize, Mr. Andrews met the victim ("R.B.") while both men were serving time in the Summit County Jail. *See id.* at ¶ 2. Mr. Andrews offered R.B. a place to stay and the two began living together in the spring of 2009. *See id.* at ¶ 3. One night, Mr. Andrews and R.B. became engaged in a physical altercation with each other, in which Mr. Andrews hit R.B. in the head with a machete multiple times, stabbed him with a screwdriver numerous times, and bit him several times, including a bite that severed a portion of R.B.'s ear. *See id.* at ¶ 5.

**{¶3}** After a jury trial, Mr. Andrews was found guilty of two counts of felonious assault. *See id.* at ¶ 8. The trial court also found that he was a repeat violent offender ("RVO"). *See id.* The court sentenced him to eight years for each felonious assault and seven years for each RVO specification, for a total prison sentence of 15 years. *See id.* Mr. Andrews' convictions were affirmed on appeal. *See id.* at ¶ 39.

**{¶4}** Almost five years later, Mr. Andrews filed a motion to correct a facially illegal sentence, arguing that his sentence was void. *See State v. Andrews*, 9th Dist. Summit No. 28185, 2016-Ohio-5905, ¶ 4. The trial court denied the motion as an untimely petition for post-conviction relief and we affirmed the court's decision on appeal. *See id.* at ¶ 4, ¶ 11.

**{¶5}** Mr. Andrews then filed a motion to alter, amend, or correct a void judgment, pursuant to the Supreme Court of Ohio's decision in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 28 (clarifying that a trial court may not impose separate sentences for allied offenses of similar import, but instead must merge the offenses and impose a single sentence). The State conceded that the trial court erred in sentencing Mr. Andrews to concurrent sentences after finding the two felonious assaults to be allied offenses of similar import. The trial court held a resentencing hearing and merged the felonious assault counts for purposes of sentencing. The State elected to have Mr. Andrews sentenced on Count 2, and the trial court then sentenced him to eight years for felonious assault and seven years for the attendant RVO specification, for a total prison sentence of 15 years. Mr. Andrews appealed, but the appeal was dismissed by this Court in a journal entry as being untimely filed. *See State v. Andrews*, 9th Dist. Summit No. 28754 (Sept. 20, 2017). We then granted Mr. Andrews a delayed appeal, pursuant to App.R. 5.

**{¶6}** Mr. Andrews now appeals from his resentencing and raises one assignment of error for this Court's review.

II.

**<u>ASSIGNMENT OF ERROR</u>**

THE TRIAL COURT ENGAGED IN JUDICIAL FACT[-]FINDING WHEN THE TRIAL COURT FOUND JAY WAS A REPEAT VIOLENT OFFENDER, IN VIOLATION OF JAY'S SIXTH AMENDMENT RIGHT TO TRIAL BY JURY, THUS JAY'S SENTENCE IS CONTRARY TO LAW

{¶7}   In his assignment of error, Mr. Andrews argues that the trial court erred by (1) engaging in unconstitutional, judicial fact-finding when it found him guilty of the RVO specification and sentenced him, and (2) sentencing him on an RVO specification that is contrary to law.

{¶8}   "'The scope of an appeal from a new sentencing hearing is limited to issues that arise at the new sentencing hearing.'"  *State v. McIntyre*, 9th Dist. Summit No. 27670, 2016-Ohio-93, ¶ 28, quoting *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 30.  *See also State v. Fischer*, 128 Ohio St.3d 92 (2010), paragraph four of the syllabus; *State v. Banks*, 9th Dist. Summit No. 25969, 2012-Ohio-1323, ¶ 10; *State v. Ivey*, 9th Dist. Summit 28162, 2017-Ohio-4162, ¶ 10.

{¶9}   Mr. Andrews first cites to the Supreme Court of Ohio's decision in *Foster* and argues that because the trial court engaged in judicial fact-finding, his sentence on the RVO specification is unconstitutional.  *See State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.  He takes issue specifically with the trial court's statement at his original sentencing hearing that "the [c]ourt has considered the record, oral statements made herein and finds the [d]efendant [g]uilty of [RVO specifications] * * *" as well as the court's "reiterat[ion] that [he] was guilty of the [RVO] specification * * *" at the resentencing hearing.  He further cites to the United States Supreme Court's decision in *Alleyne* and argues that the RVO specification should have been considered by the jury.  *See Alleyne v. United States*, 570 U.S. 99 (2013).  Mr. Andrews then

claims that the trial court had no authority to sentence him on an RVO specification that is contrary to law.

{¶10} Although Mr. Andrews' arguments are couched in terms of challenging his sentence, he is essentially challenging the trial court's initial finding of guilt as to the RVO specification, which is an issue that is beyond the limited scope of this appeal and barred by the doctrine of res judicata. *See State v. Williams*, 9th Dist. Summit No. 27101, 2014-Ohio-1608, ¶ 18 ("[A]ssignments of error [unrelated] to issues that would have arisen at the [resentencing] hearing * * * are outside the scope of th[e] appeal and are barred by res judicata.").

{¶11} Accordingly, Mr. Andrews' sole assignment of error is overruled.

III.

{¶12} Mr. Andrews' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

WESLEY C. BUCHANAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE CORGAN, Assistant Prosecuting Attorney, for Appellee.