OPINION
{¶ 1} Appellant, Philip Mike, appeals from the judgment entry of the Trumbull County Court of Common Pleas denying his "Pro Se Motion to Correct Unconstitutionally Imposed Sentence." We affirm.
 {¶ 2} In 2000, appellant was indicted on one count of aggravated murder, one count of aggravated robbery, and one count of carrying a concealed weapon. Appellant was initially found incompetent to stand trial but was later found competent. On June 19, 2001, appellant was found guilty of one count of voluntary manslaughter, a felony of *Page 2 
the first degree, and one count of aggravated robbery, a felony of the first degree. Appellant was acquitted of carrying a concealed weapon. On July 26, 2001, appellant was sentenced to the Lorain Correctional Institution for a period of nine years on the voluntary manslaughter conviction and eight years on the aggravated robbery conviction. Appellant's prison terms were ordered to run consecutive to one another for an aggregate term of seventeen years. Appellant did not file a timely appeal of his sentence. On October 15, 2007, appellant filed a pro se "Motion to Correct Unconstitutionally Imposed Sentence." The court denied the motion and appellant filed the instant appeal asserting three assignments of error.
 {¶ 3} His first assignment of error reads:
 {¶ 4} "Appellant asserts the sentencing judge committed a dereliction of duty, a violation of R.C. 2921.44(B), when he failed to acknowledge the statutory mandated language of R.C. 2929.14(A) and (B), thereby violating the appellant's civil rights as protected by R.C. 2921.45."
 {¶ 5} First of all, appellant did not file a direct appeal of his sentence. However, a consistent theme throughout appellant's pro se brief is his assertion of issues relating to his sentence that could have been brought on direct appeal. Under his first assignment of error, appellant relies upon the United States Supreme Court's decision inApprendi v. New Jersey (2000), 530 U.S. 466 for the proposition that the trial court unconstitutionally relied upon facts that increased the penalty for his crimes beyond the prescribed statutory maximum.Apprendi was released prior to appellant's sentence. "Constitutional issues that have been or could have been litigated before conviction or on direct appeal * * * cannot be considered in postconviction proceedings under the *Page 3 
doctrine of res judicata." State v. Gegia, 11th Dist. No. 2003-P-0026,2004-Ohio-1441, at ¶ 34, citing State v. Lott, 97 Ohio St.3d 303,2002-Ohio-6625, at ¶ 19. Pursuant to the doctrine of res judicata, "`a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendantat the trial, which resulted in that judgment of conviction, or on anappeal from that judgment.'" State v. Szefcyk, 77 Ohio St.3d 93, 95,1996-Ohio-337, quoting State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. (Emphasis sic.)
 {¶ 6} Appellant's Apprendi argument could have been raised on a direct appeal from his judgment on sentence. His contention is therefore barred by res judicata.[1]
 {¶ 7} Ancillary to the foregoing analysis, we point out that appellant's assertion that the underlying alleged Apprendi violation represents a "dereliction of duty" in violation of R.C. 2921.44 is inappropriately submitted for review. First, an appeal from the denial of a postconviction motion is not the proper forum for initiating an alleged criminal charge. See, e.g., State ex rel. Widmer v. Mohney, 11th Dist. No. 2007-G-2776, 2008-Ohio-1028, at ¶ 82 (holding an appellant was barred from alleging that the appellee committed fraud for the first time on appeal). Notwithstanding the preclusive effects of failing to appeal the original sentence, appellant did not allege the trial court *Page 4 
violated any criminal statutes in the motion upon which this appeal is based. Such an omission constitutes waiver of the argument.
 {¶ 8} Furthermore, even if the Apprendi issue were properly before this court, appellant filed no transcript of the sentencing proceedings with the appellate record. As a result, he can point to no specific instances in the record of how the alleged Apprendi violation is tantamount to a dereliction of duty in violation of R.C. 2921.44(B). "When portions of the transcript necessary for the resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199; see, also, App. R. 9(B). Even if this issue were properly reviewable, appellant would be unable to direct this court's attention to how the trial court "negligently fail[ed] to perform a lawful duty" in rendering his sentence. See R.C. 2921.44(B). Therefore, even without acknowledging the res judicata bar, the issue of the trial court's alleged "dereliction" would be overruled on the foregoing independent procedural grounds.
 {¶ 9} Appellant's second assignment of error asserts:
 {¶ 10} "The failure of trial counsel to object to the sentence imposed is an act of dereliction of duty in violation of R.C. 2921.44 — [sic] in a judicial proceeding, thus, violating appellant's civil rights R.C. 2921.45."
 {¶ 11} Appellant's second assignment of error alleges his trial counsel was ineffective for failing to object to the alleged Sixth Amendment violations. For the same reasons discussed under appellant's first assignment of error, this argument lacks merit. Briefly, res judicata bars a claim of ineffective assistance of trial counsel raised for the *Page 5 
first time in a postconviction motion where the issue could have been asserted on direct appeal without recourse to evidence dehors the record. State v. Lenz, 70 Ohio St.3d 527, 529, 1994-Ohio-532. TheApprendi argument was an issue that could have been raised on direct appeal without resort to evidence beyond the record. Appellant did not file a direct appeal and therefore is barred from litigating the matter in a postconviction motion. Appellant's allegation of ineffectiveness must consequently fail.
 {¶ 12} Appellant's second assignment of error lacks merit.
 {¶ 13} Appellant's final assignment of error argues:
 {¶ 14} "Appellant's consecutive sentences must be vacated because the sentencing judge did not comply with R.C. 2929.19 in imposing the terms of incarceration and therefore violated the sentencing statute and appellant'as [sic] substantive rights to life, liberty and property, thus, violating his civil rights protected by both his constitutional and statutory rights."
 {¶ 15} Appellant's final assignment of error suffers from the same procedural infirmity as his two previous, viz., his argument was capable of being asserted on direct appeal and is therefore barred by operation of the doctrine of res judicata from asserting it in a postconviction motion.
 {¶ 16} This fatal error aside, the record reveals that the trial court's judgment entry on sentence specifically sets forth the trial court's rationale, pursuant to R.C. 2929.19(B)(2), for imposing the sentence it did. As indicated above, Foster, supra, did hold R.C. 2929.19(B)(2), inter al., unconstitutional and, in doing so, severed these sections from the felony sentencing code. However, appellant was not subject to Foster's remedy at the time of his sentence.Foster directs that re-sentencing shall only *Page 6 
be conducted for those cases "pending on direct review" when it was decided in February of 2006. Appellant's case was not pending on direct review at that time and, as a result, he is not entitled toFoster's remedy.
 {¶ 17} Appellant's final assignment is overruled.
 {¶ 18} For the reasons discussed above, appellant's three assigned errors are without merit and the judgment entry of the Trumbull County Court of Common Pleas is therefore affirmed.
TIMOTHY P. CANNON, J., concurs, COLLEEN MARY OTOOLE, J., dissents.
[1] Of course, in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio held, pursuant to Apprendi, supra, Blakely v.Washington (2004), 542 U.S. 296, et al., that various portions of Ohio's felony sentencing statute were unconstitutional because they permitted a sentencing judge to engage in impermissible factfinding which acted to increase a sentence beyond the statutory maximum in violation of a defendant's Sixth Amendment rights. As a result, the offending portions of the statute were excised from the Ohio Revised Code. Hence, the holding in Foster supports appellant's general argument. However,Foster, which was decided in 2006, specifically states that its holding applied to those cases "pending on direct review." Id. at ¶ 104. Appellant never directly appealed his sentence and, as a result, it was never pending on direct review. *Page 1