OPINION
{¶ 1} Appellant, Mr. Michael Hundzsa, appeals from the January 2, 2008 judgment entry of the Portage County Court of Common Pleas, which denied his motion for a modification of sentence. For the following reasons, we affirm.
 {¶ 2} Substantive and Procedural History
 {¶ 3} On October 22, 2004, Mr. Hundzsa pled guilty to two counts of gross sexual imposition, felonies of the third degree in violation of R.C. 2907.05(A)(4), and one count of disseminating matter harmful to juveniles, a felony of the fourth degree in *Page 2 
violation of R.C. 2907.31(A)(1) and (F). The court accepted his plea and sentenced him to a three-year term of imprisonment for each count of gross sexual imposition, and a one-year term for disseminating matter harmful to juveniles. Although the trial court found that in this case Mr. Hundzsa had a criminal history, and that because the harm was so great or unusual a single term would not adequately reflect the seriousness of the conduct, the sentences were still ordered to run concurrently to one another in the sentencing entry. Thus, from the judgment entry of his sentencing that was filed on October 25, 2004, Mr. Hundzsa was purportedly sentenced to a three-year term.
 {¶ 4} Also on October 22, 2004, the court held a sexual predator hearing where it determined that Mr. Hundzsa was a sexually oriented offender, and notified him of his duty to register as a sexual offender.
 {¶ 5} On October 27, 2004, the court filed a nunc pro tunc order and judgment entry, which changed the sentencing entry of October 25, 2004, to reflect that the state entered a nolle prosequi to the remaining counts in exchange for Mr. Hundzsa's guilty plea. Mr. Hundzsa had been indicted on August 12, 2004, for two counts of kidnapping, felonies of the first degree in violation of R.C. 2905.01; eleven counts of gross sexual imposition, felonies of the third degree in violation of R.C. 2907.05(A)(4); one count of importuning, a fourth degree felony in violation of R.C. 2907.07(A); and one count of disseminating matter harmful to juveniles, a fourth degree felony in violation of R.C. 2907.31(A)(1) and (F).
 {¶ 6} On November 12, 2004, a notice of commitment and calculation of sentence from the Ohio Department of Rehabilitation and Correction was filed. Per the *Page 3 
notice, Mr. Hundzsa was admitted to the correctional facility and began serving his sentence on November 4, 2004.
 {¶ 7} Roughly two months later, on January 13, 2005, the trial court issued another nunc pro tunc order and judgment entry, which changed the terms of the sentences to run consecutively instead of concurrently.
 {¶ 8} On December 15, 2005, Mr. Hundzsa, pro se, filed a motion for postconviction relief, alleging sentencing errors in light of the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296. The court overruled the motion on December 20, 2005 without a hearing. Two years later, on December 17, 2007, Mr. Hundzsa filed a motion for a modification of his sentence with a hearing requested. The trial court denied this motion without granting a hearing on January 28, 2008. It is from this judgment entry that Mr. Hundzsa now timely appeals, raising five assignments of error:
 {¶ 9} "[1.] The trial court committed error by Nunc Pro Tunc of Sentencing Journal Entry, which allowed unconstitutional standing, violating Appellant's 5th, 6th and 14th Amendment [sic] to the United States Constitution.
 {¶ 10} "[2.] The trial court committed error, when it denied the Appellant's Motion for Modification of sentence, in violation of theFourteenth Amendment to the United States Constitution.
 {¶ 11} "[3.] Appellant is entitled to be re-sentenced under the current interpretation of Ohio's Sentencing Laws, which the trial court erred by issuing consecutive sentences, beyond the original sentencing order/beyond the minimum, guaranteed under the Fourteenth Amendment of the United States Constitution. *Page 4 
 {¶ 12} "[4.] The Trial Court erred in accepting a Plea Bargain that the Counts were allied offenses, without considering the circumstances, in turn Nunc Pro Tunc the order to consecutive sentences, in violation of the Appellant's Fifth and Fourteenth Amendment to the United States Constitution.
 {¶ 13} "[5.] Appellant lacked effective assistance of counsel at his sentencing phase, and Trial counsel denied Appellant effective assistance of counsel beyond sentencing, in violation of Appellant'sSixth and Fourteenth Amendment [sic] to the United States Constitution."
 {¶ 14} Burden of Appellant to Provide Transcript
 {¶ 15} At the outset we note that "[a]n appellant is required to provide a transcript for appellate review." Warren v. Clay, 11th Dist. No. 2003-T-0134, 2004-Ohio-4386, ¶ 4, citing Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. "Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record." Id., see State v. Skaggs (1978),53 Ohio St.2d 162, 163.
 {¶ 16} "This principle is embodied in App. R. 9(B), which states in relevant part:
 {¶ 17} `At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the finds or conclusion.'" Id. at ¶ 6, quoting App. R. 9(B); see, also, *Page 5 Streetsboro v. Hughes (July 31, 1987), 11th Dist. No. 1741, 1987 Ohio App. LEXIS 8109, 2.
 {¶ 18} Thus, "[w]here portions of the transcript necessary for the resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon. As appellant cannot demonstrate these errors, the court has no choice but to presume the validity of the lower court's proceedings." Id. at ¶ 7, citing State v. Ridgway (Feb. 1, 1999), 5th Dist. No. 1998CA00147, 1999 Ohio App. LEXIS 766, 3, citingKnap p.
 {¶ 19} Thus, in order to review the assignments of error Mr. Hundzsa has raised, he was required to supplement the record with a transcript of the sentencing hearing, and we have no choice but to presume the regularity of the proceedings below and affirm.
 {¶ 20} Nunc Pro Tunc Sentencing Entry
 {¶ 21} With this in mind, we turn to Mr. Hundzsa's first assignment of error, which addresses the trial court's nunc pro tunc entry of January 13, 2005, that corrected the sentencing entry to reflect that the sentences were to run consecutively. Mr. Hundzsa argues that in doing so, the trial court effectively increased his sentence from a three-year term to a seven-year term after he began serving his sentence, thus violating his rights to due process under the Fifth, Sixth, andFourteenth amendments of the United States Constitution. We find this contention to be without merit.
 {¶ 22} Mr. Hundzsa was already serving his sentence when the trial court filed the nunc pro tunc order and judgment entry on January 13, 2005. The notice of commitment and calculation of sentence from the Lorain Correctional Institution reflects *Page 6 
that Mr. Hundzsa was admitted to the institution on November 4, 2004, and lists his total sentence as a "3.00 term." The calculated release date was listed as August 9, 2007.
 {¶ 23} Without the sentencing transcript, however, we cannot determine whether the trial court merely corrected a clerical error to reflect its previously imposed sentence or effectively increased Mr. Hundzsa's sentence after he began serving a "valid sentence."
 {¶ 24} "The Ohio Supreme Court, in State ex rel Cruzado v.Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, discussed two exceptions to the general rule that a trial court lacks authority to reconsider its own valid judgments in criminal cases. The Cruzado court explained that a trial court is authorized to correct a void sentence. Additionally, a trial court can correct clerical errors in the judgment." State v.Foy, 5th Dist. No. 2006-CA-00269, 2007-Ohio-6578, ¶ 49.
 {¶ 25} Once a defendant begins serving his sentence there is a finality to the judgment, and the trial court may not modify its previously imposed sentence. "As a general rule, the execution of a criminal sentence commences when a defendant has been sentenced to a term of imprisonment and the defendant has been delivered to a penal institution of the executive branch." State v. Evans,161 Ohio App. 3d 24, 2005-Ohio-2337, ¶ 12, see, also State v. Addision (1987),40 Ohio App.3d 7. "Thus, once a defendant has been delivered into the custody of the penal institution in which he is to serve his sentence, a trial court's authority to suspend or to modify a sentence is limited to those instances specifically provided by the General Assembly." Id., citingState v. Gilmore (Apr. 6, 1995), 8th Dist. No. 67575, 1995 Ohio App. LEXIS 1418, citing Addision. In effect then, a court has no authority to amend a valid sentence which has *Page 7 
been put into execution. Id. at ¶ 13, citing State v. Lambert, 5th Dist. No. 03-CA-65, 2003-Ohio-6791.
 {¶ 26} If, however, the trial court was merely correcting the judgment entry to reflect Mr. Hundzsa's true sentence as imposed at the sentencing hearing, then there is no error. See State v. Turner, 8th Dist. No. 81449, 2003-Ohio-4493 (nunc pro tunc entry changing the individual sentences to run consecutively was merely correcting a clerical error since the transcript of the sentencing proceeding reflected that was the sentence originally imposed); State v.Steinke, 8th Dist. No. 81785, 2003-Ohio-3527, ¶ 45 (recognizing that ordinarily a court of record speaks only through its journal entries, but that in this case, the court made an apparent clerical or scrivener's error in journalizing the sentence it imposed in open court); State v. House, 8th Dist. No. 80939, 2002-Ohio-7227; State v.Burnett (Sept. 18, 1997), 8th Dist. No. 72373, 1997 Ohio App. LEXIS 4249.
 {¶ 27} "The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action. The power to enter a judgment nunc pro tunc is restricted to placing upon the record evidence of judicial action which has actually been taken. It does not extend beyond the power to make the journal entry speak the truth, and can be exercised only to supply omissions in the exercise of functions which are merely clerical. It is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide.'"Swift v. Gray, 11th Dist. No. 2007-T-0096, 2008-Ohio-2321, ¶ 64, citingMcKay v. McKay (1985), 24 Ohio App.3d 74, 75 (citations omitted) (Trapp, Mary J., concurring). *Page 8 
 {¶ 28} "Further, `[w]hen a court exceeds its power in entering a purported nunc pro tunc order, that order is invalid.'" Id. at ¶ 65, citing State v. Breedlove (1988), 46 Ohio App.3d 78, 81, citingNational Life Ins. Co. v. Kohn (1937), 133 Ohio St. 111, paragraph three of the syllabus. Thus, a nunc pro tunc entry could not be used if the court was attempting to impose a sentence that it merely intended to, yet did not, truly impose. See State v. Delmar, 3d Dist. Nos. 1-07-69 and 1-07-81, 2008-Ohio-1345 (that found the nunc pro tunc entry, which changed the sentences to run consecutively rather than concurrently was error as the modification was not an attempt to fix an a clerical omission, but was an actual change in the terms of the sentence);State v. Mullens, 9th Dist. No. 23395, 2007-Ohio-2893 (holding that the trial court improperly used a nunc pro tunc entry to modify the appellant's sentence, and that the original sentencing entry reflected the appellant's true sentence that was actually imposed at his sentencing hearing.)
 {¶ 29} In this case, this is merely an exercise in speculation as we are bound to presume that the trial court was merely correcting a clerical error. Without a transcript of the sentencing hearing, we must presume regularity of the proceedings below and affirm. "When portions of the transcript necessary for the resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."State v. Mike, 11th Dist. No. 2007-T-0116, 2008-Ohio-2754, ¶ 8, citingKnapp at 199; see, also, App. R. 9(B).
 {¶ 30} Fundamentally, the record reflects that Mr. Hundzsa requested the entries from his guilty plea and sentencing on March 3, 2005, and that on November 2, 2005, *Page 9 
he was given copies of the original sentencing judgment entry of October 25, 2004, the judgment entry of the sexual predator hearing, and most importantly, both nunc pro tunc sentencing entries. Those documents included the October 27, 2004 entry, that nolled the remaining counts of the indictment, and the January 13, 2005 entry that corrected the sentences to run consecutively instead of concurrently.
 {¶ 31} Mr. Hundzsa should and could have raised these issues in his petition for postconviction relief that was filed on December 15, 2005. A review of his petition reveals that Mr. Hundzsa argued that his sentence did not justify the imposition of a three year sentence in light of the United States Supreme Court's decision in Blakely v.Washington, supra. Although he had copies of all three sentencing entries, he seemed to be arguing under the premise that his sentence was only three years. It was not until his motion for modification of sentence that was filed two years later and is the basis of the present appeal that Mr. Hundzsa mentions the nunc pro tunc entry and argues that the trial court modified his sentence instead of merely correcting a clerical error.
 {¶ 32} Thus, notwithstanding the failure to file a transcript of the sentencing hearing, Mr. Hundzsa's argument is also barred by the principles of res judicata. "[Principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." State v. Hall, 11th Dist. No. 2007-T-0022,2008-Ohio-2128, ¶ 21, citing Brick Processors, Inc. v. Culbertson
(1981), 2 Ohio App.3d 478, paragraph one of the syllabus.
 {¶ 33} Mr. Hundzsa's first assignment is without merit.
 {¶ 34} Motion for Modification of Sentence *Page 10 
 {¶ 35} In his second assignment of error, Mr. Hundzsa contends that the trial court erred in denying his motion for modification of sentence, in violation of his Fourteenth Amendment rights to the United States Constitution. Specifically, Mr. Hundzsa argues that the trial court effectively increased his sentence by issuing the January 13, 2004 nunc pro tunc entry that reflected the sentences were to run consecutively instead of concurrently. We find this argument to be without merit.
 {¶ 36} As we noted above, without the transcript of the sentencing hearing, we must presume the regularity of the proceedings below, and affirm. Mike at ¶ 8, citing Knapp at 199; see, also, App. R. 9(B). Similarly, this argument should have been raised in his petition for postconviction relief and is barred by principles of res judicata.Hall at ¶ 21, citing Brick Processors, Inc. at paragraph one of the syllabus.
 {¶ 37} As an aside, we also note that the trial court did find "that is a negotiated sentence and Defendant has served a prior prison term. The court further finds because of Defendant's criminal history and because the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct." (Emphasis added.) Thus, the original sentencing entry does support a consecutively imposed term of incarceration, and not the concurrent term as the entry originally read and Mr. Hundzsa argues.
 {¶ 38} Mr. Hundzsa's second assignment of error is without merit.
 {¶ 39} More than the Minimum
 {¶ 40} In his third assignment of error, Mr. Hundzsa contends that he is entitled to be resentenced because he was sentenced to a more than the minimum term, beyond the original sentencing order, and without the requisite statutory findings on the *Page 11 
record to explain why an enhanced sentence was necessarily imposed in this case. For similar reasons, we find this contention to be without merit.
 {¶ 41} We cannot determine whether the trial court adequately reviewed the factors in sentencing Mr. Hundzsa to a more than the minimum sentence because Mr. Hundzsa failed to provide a transcript of the sentencing hearing. Thus, we must presume regularity of the proceedings and affirm. See Mike at ¶ 8, citing Knapp at 199; see, also, App. R. 9(B).
 {¶ 42} Moreover, we note that the sentencing entry supports an enhanced sentence in that the trial court found Mr. Hundzsa to have a previous conviction, and that the harm in this case was so great or unusual that a single term did not adequately reflect the seriousness of the conduct, thus warranting an increased sentence.
 {¶ 43} Mr. Hundzsa's third assignment of error is without merit.
 {¶ 44} Allied Offenses and Plea Bargain
 {¶ 45} In his fourth assignment of error, Mr. Hundzsa contends that the trial court erred in accepting his plea bargain, and by ordering consecutive sentences because the offenses were "allied offenses" as they occurred at the same time, and thus should have been merged for sentencing purposes. We find this argument to be without merit.
 {¶ 46} Mr. Hundzsa was indicted on August 12, 2004, of two counts of kidnapping, felonies of the first degree in violation of R.C. 2905.01, eleven counts of gross sexual imposition, felonies of the third degree in violation of R.C. 2907.05, one count of importuning, a fourth degree felony in violation of R.C. 2907.07, and one count of disseminating matter harmful to juveniles, a fourth degree felony in violation of *Page 12 
R.C. 2907.31. The indictment reflects that these acts occurred over a two year time period, from November 21, 2002 until August 9, 2004.
 {¶ 47} Ohio's multiple-count statute, R.C. 2941.25, provides:
 {¶ 48} "(A) where the same conduct by defendant can be construed to constitute two or more allied of offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 49} "(B) where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with aseparate animus as to each, the indictment or information may containcounts for all such offenses, and the defendant may be convicted of allthem." (Emphasis added.)
 {¶ 50} Thus, the "allied-offense analysis will only be applied when the same conduct, or single act, results in multiple convictions."State v. Ramos, 11th Dist. No. 2007-G-2773, 2007-Ohio-6934, ¶ 48, citingState v. Cooper, 104 Ohio St.3d 293, 2004-Ohio-6553, ¶ 17. A review of the incomplete record that was provided reflects that Mr. Hundzsa was charged with multiple, similar offenses that were committed over a two year period.
 {¶ 51} Mr. Hundzsa's fourth assignment of error is without merit.
 {¶ 52} Ineffective Assistance of Counsel
 {¶ 53} In his last assignment of error, Mr. Hundzsa raises claims of ineffective assistance of counsel. Mr. Hundzsa contends that his counsel was deficient in "accepting" his plea bargain, in not advising the court that the offenses were "allied *Page 13 
offenses," and further, that she allowed the January 13, 2005 nunc pro tunc entry to be filed without argument. We find this argument to be without merit.
 {¶ 54} Mr. Hundzsa's claims that he was deprived the effective assistance of counsel are barred by the principles of res judicata as he should have raised these claims on direct appeal or in his petition for postconviction relief. "[R]es judicata bars a claim of ineffective assistance of trial counsel raised for the first time in a postconviction motion where the issue could have been asserted on direct appeal without recourse to evidence dehors the record." Mike at ¶ 11.
 {¶ 55} Furthermore, Mr. Hundzsa failed to include a transcript of the plea hearing and sentencing. "Where `a transcript of the guilty plea hearing is not available, we cannot adequately determine whether appellant fully understood the sentencing consequences of his guilty plea, or what effect the alleged misinformation would have had on his guilty plea. * * *'" State v. Lloyd, 11th Dist. No. 2006-L-185,2007-Ohio-3013, ¶ 71, quoting State v. Mack, 11th Dist. No. 2005-P-0033,2006-Ohio-1694, ¶ 19. "When portions of the transcript necessary to resolve issues are not part of the record on appeal, we must presume regularity in the trial court proceedings and affirm." Id. at j|17; see, also, Knapp at 199.
 {¶ 56} Mr. Hundzsa's fifth assignment of error is without merit.
 {¶ 57} The judgment of the Portage County Court of Common Pleas is affirmed.
TIMOTHY P. CANNON, J., concurs,
 COLLEEN MARY OTOOLE, J., dissents with Dissenting Opinion. *Page 14