[Cite as *State v. Jones*, 2018-Ohio-3534.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2017-P-0058 |
| ROBERT F. JONES, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2010 CR 0320.

Judgment: Affirmed.

*Victor Vigluicci,* Portage County Prosecutor, and *Kristina Reilly,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Robert F. Jones, Jr.,* pro se, PID: A593-772, Marion Correctional Institution, P.O. Box 57, 940 Marion-Williamsport Rd., Marion, OH 43302 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Robert F. Jones, Jr., pro se, appeals the judgment of the Portage County Court of Common Pleas, denying his motion to reconsider his request to change his November 10, 2010 sentencing entry to show he pled guilty and was sentenced on one count of attempted purposeful murder and one count of attempted felony murder, as opposed to two counts of attempted purposeful murder. For the reasons that follow, we affirm.

{¶2} On May 27, 2010, appellant was indicted, as pertinent here, for **attempted purposeful murder** of Jon Rotilie, a felony-one, in violation of R.C. 2923.02 (attempt) and **R.C. 2903.02(A)** Count 1; **attempted felony murder** of Jon Rotilie, a felony-one, in violation of R.C. 2923.02 and **R.C. 2903.02(B)** (Count 2); **attempted purposeful murder** of Cassandra Badini, a felony-one, in violation of R.C. 2923.02 and **R.C. 2903.02(A)** (Count 3); and **attempted felony murder** of Cassandra Badini, a felony-one, in violation of R.C. 2923.02 and **R.C. 2903.02(B)** (Count 4).

{¶3} On November 8, 2010, appellant entered a written guilty plea to "Count (1) Attempted Murder (F1) in violation of Ohio Revised Code Sections 2923.02 [and] 2903.02(A) * * *[;] Count (3) Attempted Murder (F1) in violation of Ohio Revised Code Sections 2923.02 [and] 2903.02(B) * * *."

{¶4} The parties agree the transcript of the plea hearing is not available. They further agree that, as part of the written plea agreement, appellant was to plead guilty to an attempted murder count as to each of the two victims. Counts 1 and 2 referred to Mr. Rotilie, while counts 3 and 4 referred to Ms. Badini. The parties further agree that, during the plea negotiations, their counsel agreed the written plea did not reflect the parties' agreement to address each victim as Counts 1 and 2 referred to Mr. Rotilie. Thus, the 2 in Count 2 (regarding Mr. Rotilie) was written over with a 3 for Count 3 (regarding Ms. Badini) to reflect that agreement. However, the statutory reference for Count 2 (R.C. 2903.02(B)) in the written plea was not changed to show the statutory reference for Count 3 (R.C. 2903.02(A)), as set forth in the indictment.

{¶5} That same day, November 8, 2010, the trial court sentenced appellant. In the court's sentencing entry, the trial court noted that appellant entered a written guilty plea "to Counts One and Three of the Indictment, charging the Defendant with the

2

offense of 'Attempted Murder' felonies of the first degree, in violation of R.C. 2923.02 and 2903.02(A) * * *." The court then sentenced appellant to eight years in prison on Count 1 and seven years on Count 2, the two terms to be served consecutively to each other. Appellant did not appeal his sentence.

{¶6} In 2014, the judge who presided over appellant's case, John A. Enlow, retired, and a new judge, Becky L. Doherty, was elected to that position. Two years later, on February 22, 2016, appellant filed a motion to correct his sentencing entry to show he pled guilty to one count of attempted purposeful murder, in violation of 2903.02(A), and one count of attempted felony murder, in violation of R.C. 2903.02(B).

{¶7} On February 25, 2016, Judge Doherty issued a nunc pro tunc sentencing entry, which stated – with the only change highlighted in bold - that appellant entered a written guilty plea to "Count One of the Indictment, charging [him] with the offense of 'Attempted Murder,' a felony of the first degree, in violation of R.C. 2923.02 and 2903.02(A) * * * and Count Three, 'Attempted Murder" [in violation of R.C.] 2923.02 and **2903.02(B)** * * *." Appellant did not appeal that entry.

{¶8} Instead, on April 1, 2016, appellant filed a motion to correct the record. He alleged the nunc pro tunc entry partially corrected the record, but that the court needed to change the count number from Count 3 to Count 4 since Count 4 in the indictment charged a violation of R.C. 2903.02(B), while Count 3 charged a violation of R.C. 2903.02(A). On April 6, 2017, the trial court denied that motion, stating:

> {¶9} This matter came before the Court initially February 2016 on motion to correct the plea and sentencing journal entry to comport with the written plea of guilty. This Court prepared a nunc pro tunc entry specifying the Revised Code sections defendant pled guilty to as outlined in the written plea agreement. Per the signed "written plea of guilty" form dated November 10, 2010, defendant pled guilty to Count One, Attempted Murder, a felony of the first degree, in violation of R.C. 2923.02 [and] 2903.02(A) * * * and Count Three,

3

Attempted Murder, a felony of the first degree, in violation of R.C. 2923.02 [and] 2903.02(B) * * *. The corresponding journal entry dated November 10, 2010 was in error, indicating that both counts were R.C. 2923.02(A). The nunc pro tunc entry dated February 2016 corrected that error.

{¶10} Again, appellant did not appeal this entry. Instead, on May 1, 2017, he filed a motion to reconsider the court's April 6, 2017 entry denying his request to change the count number, citing the same reasons appellant provided in his April 1, 2017 motion to correct the record. On July 17, 2017, the trial court denied the motion, stating:

{¶11} The Court has previously corrected [the record] via nunc pro tunc, the discrepancies in the written plea of guilty and the plea and sentencing entry signed by Judge Enlow on November 8, 2010. Defendant is requesting this Court alter the written plea of guilty to **Count 1 and Count 4**, rather than **Count 1 and Count 3 as written** on the plea form. The plea and sentencing journal entry reflects that guilty pleas were entered on Count 1 and Count 3 as well, consistent with the written plea, signed by defendant. * * * The Court speaks through the journal entries filed in the Clerk's Office, and this Court cannot alter an entry filed where there is no indication in the record that it is incorrect and not reflective of the record made in court. (Emphasis sic.)

{¶12} Appellant appeals this entry (seven years after he was sentenced), asserting the following for his sole assignment of error:

{¶13} "The trial court erred by not making the admitted clerical error requested as they corrected [sic] the erroneous subsection yet the court refused to change the now erroneous count number which corresponds to the correct subsection. This error by the court violates Crim.R. 36 as well as this appellant's constitutional rights under the 5th and 14th amendments of the U.S. Constitution and the equivalent Articles and Sections of the Ohio Constitution."

{¶14} Before addressing appellant's argument, we note the state contends the trial court erred in entering its February 25, 2016 nunc pro tunc entry by changing the

4

statutory reference in Count 3 from R.C. 2903.02(A) to R.C. 2903.02(B) because the original sentencing entry correctly reflected appellant's sentence. We agree.

{¶15} Crim.R. 36 provides: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." The Supreme Court of Ohio addressed Crim.R. 36 in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, as follows:

{¶16} It is well settled that courts possess the authority to correct errors in judgment entries so that the record speaks the truth. * * * Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment. * * * Nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide. * * * *Id.* at ¶18.

{¶17} Further, this court, in *State v. Hundzsa*, 11th Dist. Portage No. 2008-P-0012, 2008-Ohio-4985, stated:

{¶18} "'When a court exceeds its power in entering a purported nunc pro tunc order, that order is invalid.'" [*Swift v. Gray*, 11th Dist. Trumbull No. 2007-T-0096, 2008-Ohio-2321,] ¶65, citing *State v. Breedlove*, 46 Ohio App.3d 78, 81 (1988), citing *National Life Ins. Co. v. Kohn*, 133 Ohio St. 111 (1937), paragraph three of the syllabus. Thus, a nunc pro tunc entry could not be used if the court was attempting to impose a sentence that it merely intended to, yet did not, truly impose. *See State v. Delmar*, 3d Dist. Nos. 1-07-69 and 1-07-81, 2008-Ohio-1345 (that found the nunc pro tunc entry, which changed the sentences to run consecutively rather than concurrently was error as the modification was not an attempt to fix a clerical omission, but was an actual change in the terms of the sentence) * * *. *Hundzsa, supra*, at ¶28.

{¶19} Here, the trial court's change in the nunc pro tunc entry regarding the statutory reference of the offense alleged in Count 3 from R.C. 2903.02(A) to R.C. 2903.02(B) did not correct a clerical error. Rather, this changed the name or identity of the offense from attempted *purposeful* murder to attempted *felony* murder. This court has stated "'an indictment may be amended to correct a clerical error so long as it does

5

not change the identity of the offense.'" *State v. Coughlin*, 11th Dist. Ashtabula No. 2006-A-0026, 2007-Ohio-897, ¶38, quoting *State v. Earle*, 120 Ohio App.3d 457, 467 (11th Dist.1997), *see also* Crim.R. 7(D) ("The court may * * * amend the indictment * * * in respect to any defect * * * provided no change is made in the name or identity of the crime charged.").

{¶20} Further, the pertinent docket entries show appellant pled guilty to Count 3, attempted purposeful murder of Ms. Badini, in violation of R.C. 2903.02(A). As noted above, during the plea negotiations, the parties' counsel wrote over the 2 in Count 2 a 3 for Count 3 to reflect the parties' intent that appellant would plead guilty to an attempted murder count for Ms. Badini, but counsel did not make the corresponding change regarding the statutory reference for Count 3 (R.C. 2903.02(A)). However, the indictment alleged in Count 3 that appellant committed attempted *purposeful* murder of Mr. Badini, in violation of R.C. 2903.02(A).

{¶21} In addition, as noted above, the court's contemporaneous sentencing entry correctly reflected the indictment counts to which appellant pled (Counts 1 and 3) along with their correct statutory references as set forth in the indictment. That entry provided: "The Court finds that the Defendant * * * has entered a Written Plea of Guilty * * * to Counts One and Three of the Indictment, charging the Defendant with the offense of 'Attempted Murder' felonies of the first degree, in violation of R.C. 2923.02 and 2903.02(A) * * *." Thus, the sentencing entry confirmed that appellant pled guilty to *two offenses of attempted purposeful murder, in violation of R.C. 2903.02(A).*

{¶22} For these reasons, the trial court exceeded its power in entering the nunc pro tunc sentencing entry and it is invalid. As a result, the nunc pro tunc entry is stricken from the record. *State v. Breedlove,* 46 Ohio App.3d 78, 82 (1st Dist.1988).

6

{¶23} Turning now to appellant's assigned error, he argues the trial court erred in denying his motion for reconsideration to correct the sentencing entry to indicate he pled guilty to Count 4 rather than Count 3.[1] In support, appellant argues this was a "simple clerical error" that needed to be corrected to reflect the parties' agreement that he pled guilty to one count of attempted felony murder of Ms. Badini. However, for the reasons stated above, the change appellant requested was no "simple clerical error," but, rather, a change of the name or identity of the offense.

{¶24} In addition, Count 3 of the indictment alleged a violation of R.C. 2903.02(A), and the original sentencing entry recited that appellant pled guilty to Count 3. Further, no docket entry shows the parties agreed appellant would pled guilty to Count 4. We therefore hold the trial court did not err in denying appellant's motion for reconsideration to change the sentencing entry to show he pled guilty to that count.

{¶25} For the reasons stated in this opinion, the assignment of error lacks merit and is overruled. It is the order and judgment of this court that the judgment of the Portage County Court of Common Pleas denying appellant's motion for reconsideration is affirmed.

THOMAS R. WRIGHT, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur in judgment only.

---

1. While we recognize that a judgment ruling on a motion for reconsideration is a nullity, *Keyerleber v. Keyerleber*, 11th Dist. Ashtabula No. 2007-A-0010, 2007-Ohio-3018, ¶3, because appellant implies the state violated the plea bargain, he is suggesting his plea is void. *See State v. Young*, 2d Dist. Greene No. 2002-CA-78, 2003-Ohio-3052, ¶5. For this reason, we address the argument.