[Cite as *State v. Payne*, 2020-Ohio-161.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-032** |
| WILLIAM A. PAYNE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2003 CR 000137.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Stephen P. Hanudel*, 124 Middle Avenue, Suite 900, Elyria, Ohio 44035 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, William A. Payne ("Mr. Payne"), appeals the judgment of the Lake County Court of Common Pleas, which denied his motion for a resentencing hearing and amended, nunc pro tunc, its August 5, 2008 sentencing entry. Mr. Payne is now before us for the fourth time after being convicted by a Lake County jury in 2004 for conspiracy to commit aggravated robbery, conspiracy to commit aggravated burglary,

conspiracy to commit kidnapping, all three of which carry a repeat violent offender specification ("RVO"); and aggravated theft, with a firearm specification.

{¶2}   Mr. Payne now raises two assignments of error on appeal.  He first asserts that the trial court erred by denying his motion for a resentencing hearing because his sentence is void.  More specifically, he argues the trial court did not merge the allied offenses of conspiracy contrary to our decision in his first appeal, *State v. Payne*, 11th Dist. Lake No. 2004-L-118, 2005-Ohio-7043 ("*Payne I*").  He further claims the jury was required to make a finding of fact that he attempted or threatened to cause or actually caused serious physical harm before the trial court could sentence him to ten years on the RVO specification.  Secondly, Mr. Payne asserts the trial court erred by issuing a nunc pro tunc judgment entry to perform a merger of allied offenses that was not actually the sentence imposed at the sentencing hearing.

{¶3}   We find Mr. Payne's arguments are without merit since they are barred by the doctrine of res judicata since he could have raised these arguments on direct appeal after his 2008 resentencing.  Moreover, a substantive review of his arguments reveal they are without merit.  During the sentencing hearing, the trial court properly merged the three counts of conspiracy.  Finally, the trial court appropriately corrected, via a nunc pro tunc entry, the August 5, 2008 sentencing entry to reflect what transpired at the sentencing hearing, i.e., that the allied offenses of conspiracy were merged when Mr. Payne's sentence was imposed.

{¶4}   Finding Mr. Payne's claims barred by res judicata and substantively without merit, we affirm the judgment of the Lake County Court of Common Pleas.

**Substantive and Procedural History**

2

{¶5} As we succinctly summarized in *State v. Payne,* 11th Dist. Lake No. 2006-L-272, 2007-Ohio-6740 *("Payne II"),* Mr. Payne's convictions stem from an incident that occurred on February 27, 2003, in which he was allegedly the "mastermind" of robbing and kidnapping Ms. Gail Kopp, the owner of a pawn shop in her own home. *Id.* at ¶4. Ultimately, the assailants took valuables that were valued at $1,000,000. *Id.* The victim was found with her wrists and ankles bound and with burns around her neck from being tased with a stun-gun twelve times. *Id.*

{¶6} Mr. Payne was found guilty by a jury on four counts of the indictment: conspiracy to aggravated robbery, a felony of the second degree, in violation of R.C. 2923.01(A)(1); conspiracy to aggravated burglary, a felony of the second degree, in violation of R.C. 2923.01(A)(1); conspiracy to kidnapping, a felony of the second degree, in violation of R.C. 2923.01(A)(1), with an RVO on all three conspiracy convictions as set forth in R.C. 2941.149; and one count of aggravated theft, a felony of the third degree, in violation in of R.C. 2913.02(A)(1), with a firearm specification as set forth in R.C. 2941.145. *Id.* at ¶5.

{¶7} On the same day as the jury verdict, after holding an RVO hearing, the trial court sentenced Mr. Payne to three eight-year terms for the counts of conspiracy, five years for the count of aggravated theft, three years for the firearm specification, and ten years on the RVO specification, all to be served consecutively, for an aggregate term of imprisonment of 42 years. *Id.* at ¶6.

### Payne I

{¶8} In *Payne I, supra,* we remanded for resentencing after determining that the three conspiracy charges resulted from one crime, and, therefore, should be merged into

3

one sentence not to exceed eight years. *Id.* at 120. We also found that the statutory framework in Ohio for determining whether an offender is an RVO and for enhancing penalties on that determination violates the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), since the statute improperly requires judicial fact finding. *Id.* at ¶113. Thus, we remanded and instructed the court to correct Mr. Payne's sentence accordingly, stating that the aggregate sentence should not exceed 16 years. *Id.* at ¶20.

{¶9} In the interim between the remand and resentencing, the Supreme Court of Ohio decided *Foster,* 109 Ohio St.3d 1, 2006-Ohio-856*,* which addressed constitutional challenges to Ohio's sentencing scheme pursuant to *Apprendi, Blakely,* and *Booker.*

{¶10} The trial court resentenced Mr. Payne to serve one eight-year term of imprisonment for the three counts of conspiracy, five years for the count of aggravated theft, three years for the firearm specification, and ten years for the RVO specification, for an aggregate term of imprisonment of 26 years. *Payne II* at ¶10.

### Payne II

{¶11} In *Payne II*, *supra*, Mr. Payne challenged his new sentence. We affirmed in part, reversed in part, and remanded for a new sentencing hearing in order for Mr. Payne to be resentenced within the one to ten-year range on the RVO specification because the trial court engaged in impermissible judicial fact-finding as to Mr. Payne's previous offense of violence conviction. *Id.* at ¶37, 42. On remand, the trial court resentenced Mr. Payne to an aggregate 26-year term of imprisonment. Mr. Payne did not appeal his resentencing.

### Payne III

4

{¶12} Mr. Payne then filed a motion to set aside judgment and sentence pursuant to R.C. 2945.75(A)(2), which the trial court denied. In *State v. Payne*, 11th Dist. Lake No. 2010-L-128, 2011-Ohio-4698 ("*Payne III*"), we found no merit to Mr. Payne's delayed appeal, which challenged the jury's verdict as being against the manifest weight of the evidence because he should have raised this argument on direct appeal. *Id.* at ¶12. Thus, we affirmed the trial court, finding his assignment of error barred by the doctrine of res judicata. *Id.* at ¶13.

### Motion for Resentencing

{¶13} On December 21, 2018, Mr. Payne filed a motion for a resentencing hearing, arguing the trial court failed to merge the counts of conspiracy for robbery, burglary, and kidnapping, respectively, since we had ruled those counts were allied offenses in *Payne I*. Mr. Payne also argued the trial court incorrectly sentenced him as an RVO with impermissible judicial fact-finding. Thus, he argued his sentence was void, which entitled him to resentencing.

{¶14} The trial court denied his motion for a resentencing hearing and amended nunc pro tunc, its August 5, 2008 sentencing entry. First, the trial court found Mr. Payne's arguments barred by res judicata, since they could and should have been raised on direct appeal. Second, the trial court noted that, in any event, Mr. Payne's sentence was not void. The counts of conspiracy were merged during the July 31, 2008 resentencing hearing which was incorrectly memorialized in the August 5, 2008 sentencing entry. Third, the trial court issued a nunc pro tunc sentencing entry to accurately reflect that the three counts of conspiracy were merged for sentencing purposes.

{¶15} Mr. Payne now appeals, raising two assignments of error:

{¶16} "[1.] The trial court erred by denying appellant's motion for resentencing hearing.

{¶17} "[2.] The trial court erred by issuing a nunc pro tunc to perform a merger of allied offenses that was not actually performed in the sentencing hearing."

### *Standard of Review*

{¶18} Mr. Payne challenges his sentence as void. "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Armstrong*, 11th Dist. Trumbull No. 2015-T-0131, 2017-Ohio-8801, ¶24, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1, citing R.C. 2953.08(G)(2).

{¶19} As the Supreme Court of Ohio recently reviewed in *State v. Straley*, Slip. Opinion No. 2019-Ohio-5206, "[i]n general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act." *Id.* at ¶25, quoting *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶27. "Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *Id.*, quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶12.

### *Res Judicata*

{¶20} At the outset, we find Mr. Payne's challenge to his 2008 sentence is barred by the doctrine of res judicata since his arguments should have been raised on direct appeal. As we stated in *Payne III*, "a convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that

6

judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." *Id.* at ¶11, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996).

{¶21} As the Supreme Court of Ohio explained in *Straley, supra*, albeit in the context of a postsentence motion to withdraw a guilty plea where the appellant argued the trial court erred by imposing mandatory sentences without first telling him they were mandatory, "[w]hether res judicata should apply under our void-versus-voidable-sentence precedent does not matter in this context. [Res judicata] applies because [the appellant] failed to attack his guilty pleas on direct appeal." *Id*. at ¶27, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶59.

### Allied Offenses

{¶22} In *Payne I*, we remanded to the trial court to merge the three counts of conspiracy, since we determined they were allied offenses of similar import. Accordingly, during the July 31, 2008 sentencing hearing, the trial court stated: "You're sentenced on counts six, seven and eight, the conspiracy counts, to eight years; that would be concurrent with one another *as a merged sentence*, pursuant to the first appeal." (Emphasis added.)

{¶23} It is apparent Mr. Payne was properly sentenced during the resentencing hearing to a merged count of conspiracy due to our previous determination these counts were allied offenses of similar import.

{¶24} The trial court, however, incorrectly noted in the August 5, 2008, sentencing entry that "the Defendant [shall] serve a stated prison term of eight (8) years in prison on

Count 6; eight (8) years in prison on Count 7; eight (8) in prison on Count 8; and five (5) years in prison on Count 9. The sentences imposed on Counts 6, 7, and 8, are to be served concurrent with each other, but consecutive to the sentence imposed on Count 9."

### Nunc Pro Tunc

{¶25} Accordingly, on March 13, 2019, in the same judgment entry denying Mr. Payne's motion for a resentencing hearing, the trial court issued a nunc pro tunc sentencing entry to reflect the sentence Mr. Payne received at his sentencing hearing. The corrected entry now reads that "the Defendant [shall] serve a stated prison term of eight (8) years in prison on Count 6, Counts 7 and 8 merged into Count 6 for purposes of sentencing, and five (5) years in prison on Count 9."

{¶26} Crim.R. 36 permits the trial court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission * * * at any time." The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action. (Citation omitted.) *Armstrong* at ¶19, citing *State v. Hundzsa*, 11th Dist. Portage No. 2008-P-0012, 2008-Ohio-4985, ¶27. The power of the trial court to enter a judgment nunc pro tunc "does not extend beyond the power to make the journal entry speak the truth" and can only be implemented to correct clerical errors. *Id*. "It is not made to show what the court might or should have decided, or intended to decide, but what it actually did decide." *Id.*

{¶27} The nunc pro tunc entry clarifies that the trial court sentenced Mr. Payne on three counts of conspiracy that were merged as allied offenses of similar import per our

8

remand instruction in *Payne I*. Thus, the sentencing entry now accurately reflects what transpired at his sentencing hearing.

{¶28} Mr. Payne's second assignment of error asserting that the trial court improperly corrected his sentence beyond clerical error by a nunc pro tunc entry is without merit.

### *RVO Specification*

{¶29} Lastly, as part of his first assignment of error, Mr. Payne also argues the trial court improperly sentenced him to an RVO specification because the issue of whether he attempted or threatened to cause or actually caused "serious physical harm" was never tried before the jury.

{¶30} Mr. Payne was resentenced on the RVO specification after *Payne II*. He did not appeal his 2008 resentencing. Mr. Payne did later file a motion to set aside judgment and sentence pursuant to R.C. 2945.75(A)(2); however, he did not raise any arguments challenging his resentencing. Instead, Mr. Payne made a manifest weight of the evidence argument, which, in *Payne III*, we found to be barred by the doctrine of res judicata and without merit.

{¶31} Mr. Payne's argument challenging the finding of guilt on his RVO specification is beyond the limited scope of this appeal and barred by the doctrine of res judicata.

{¶32} In *State v. Andrews*, 9th Dist. Summit No. 28779, 2018-Ohio-2539, the Ninth District found appellant's challenge of the trial court's initial finding of guilt as to the RVO specification was barred by res judicata and outside the limited scope of his resentencing hearing. *Id.* at ¶10. In *State v. Wilson*, 9th Dist. Summit No. 29375, 2019-

9

Ohio-4337, the appellant argued that his RVO sentence was void because the trial court failed to impose a maximum sentence in an underlying offense. The Ninth District determined the appellant's argument was barred by the doctrine of res judicata since he failed to raise it as an issue on direct appeal. *Id.* at ¶8-9.

{¶33} Likewise, in *State v. Shepard*, 8th Dist. Cuyahoga No. 98709, 2013-Ohio-271, the Eighth District affirmed the trial court's denial of appellant's motion to vacate his RVO sentence as void because it was barred by the doctrine of res judicata. Similar to Mr. Payne, at no time either on direct appeal or in postconviction proceedings, did the appellant raise the issue. *Id.* at ¶5. In *State v. Sowell*, 8th Dist. Cuyahoga No. 102752, 2015-Ohio-4770, the Eighth District found the appellant's constitutional argument that RVO sentencing conflicts with the Sixth Amendment right to a trial by jury was barred by the doctrine of res judicata because he failed to raise the issue on direct appeal. *Id.* at ¶9. And, in *State v. Wilson*, 9th Dist. Summit No. 27361, 2015-Ohio-2023, the Ninth District determined that the appellant could not challenge the trial court's finding of guilt on his particular RVO specification because his argument should have been raised in his prior appeal; thus, it was precluded by res judicata and/or the law of the case doctrine. *Id.* at ¶9.

{¶34} Finding Mr. Payne's appeal barred by the doctrine of res judicata, we affirm the judgment of the Lake County Court of Common Pleas.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.