[Cite as *State v. Jones*, 2021-Ohio-1922.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

ROBERT F. JONES, JR.,

        Defendant-Appellant.

CASE NO. 2020-P-0061

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2010 CR 0320

---

# O P I N I O N

Decided: June 7, 2021
Judgment: Affirmed

---

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Thomas Rein*, 820 West Superior Avenue, Suite 800, Cleveland, OH 44113 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Robert F. Jones, Jr., filed the instant appeal of three motions to vacate his 2010 sentence denied by the Portage County Court of Common Pleas on June 10, 16, and 22, 2020. For the reasons stated herein, the judgments are affirmed.

{¶2} On November 25, 2010, appellant entered guilty pleas on two counts of attempted murder in violation of R.C. 2923.02, R.C. 2903.02(A), and R.C. 2929.02 against two separate victims. The trial court sentenced appellant to consecutive prison terms of eight and seven years. No direct appeal was taken.

{¶3} Seven years later appellant sought to change the sentencing entry to reflect that he pleaded guilty to one count attempted purposeful murder and one count attempted felony murder, citing confusion in the written plea agreement. *State v. Jones,* 11th Dist. Portage No. 2017-P-0058, 2018-Ohio-3534 ("*Jones I*"). Though the parties stipulated that the transcript of the plea hearing was unavailable at that time, this court found the record provided sufficient evidence that appellant pleaded guilty to two counts attempted purposeful murder against two different victims, and ultimately affirmed the lower court's judgments. The transcript was recovered during the pendency of the instant appeal.

{¶4} Subsequent to our 2017 judgment, appellant filed various motions with the lower court seeking to challenge his plea and convictions. He now appeals the trial court's denial of his June 1, 2020 motion to vacate plea, June 12, 2020 motion to vacate void sentence, and June 17, 2020 motion to vacate illegal sentence.

{¶5} Appellant assigns two errors for our review. The first states:

{¶6} Appellant did not enter his guilty plea knowingly, intelligently, or voluntarily because the trial court failed to advise of his constitutional rights as required by Crim.R. 11(c) prior to having him change his plea.

{¶7} During the November 10, 2010 plea hearing, the court first asked appellant how he pleaded, then gave a full plea colloquy, and finally accepted his guilty pleas. He does not argue that the colloquy was deficient in content but that his plea was not knowingly, intelligently, and voluntarily made because the colloquy came after he entered his plea. He made no direct appeal. Nevertheless, he argues this order of events rendered his plea void, and thus not barred by res judicata. We disagree.

{¶8} While Ohio case law previously held that a defect in the trial court's failure to strictly comply with Crim.R. 11(C)(2) renders a plea void and thus subject to collateral

2

attack at any time because the plea was not made knowingly, intelligently, and voluntarily, the Supreme Court of Ohio has recently "realigned [its] jurisprudence with the traditional understanding of void and voidable sentences." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶43. In *Harper,* the Court held that a sentence is void only "when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *Id.* at ¶42. Accordingly, even if we were to find error in the order of the trial court's plea hearing, it would be a voidable error. *See State v. Greene,* 3rd Dist. Crawford No. 3-20-06, 2020-Ohio-5133, ¶8.

{¶9} "Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal." *Harper, supra,* at ¶26, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶28. Failure to do so renders future challenges to the assigned error subject to the doctrine of res judicata. *See id.* at ¶41. This is so even when the alleged error is constitutional in nature. *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶36, (Kennedy, J., concurring separately) citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶59-60 ("Res judicata bars the relitigation of constitutional issues, *State v. Lott*, 97 Ohio St.3d 303, 2002-Ohio-6625, ¶19, including claims that the accused's guilty pleas were not knowingly, intelligently, and voluntarily made * * *.")

{¶10} Here, there is no disagreement the court had the requisite subject-matter jurisdiction and personal jurisdiction. Any claim that appellant's plea was not knowingly, intelligently, and voluntarily made could have been raised on direct appeal. As appellant failed to appeal the issue, his first assignment of error is barred by res judicata.

{¶11} Moreover, we note that Crim.R. 11(C)(2) requires that the plea colloquy precede the court's *acceptance* of the plea, not the *entry* of the plea. It is after the court is satisfied that the defendant is aware of his rights that it accepts the plea.

{¶12} It is clear from the record here that the court accepted appellant's guilty plea after providing the necessary plea colloquy. There is no indication from the record that appellant's plea was not made knowingly, intelligently, and voluntarily.

{¶13} Appellant's first assignment of error is without merit.

{¶14} His second states:

{¶15} The trial court erred by sentencing Appellant to a crime which does not exist under Ohio law.

{¶16} Under this assignment of error, appellant argues that there is confusion as to which counts appellant plead guilty. He asserts he pleaded guilty to Count 1, the attempted purposeful murder of Jon Rotilie, and Count 2, the attempted felony murder of Jon Rotilie. He then argues that attempted felony murder is not a cognizable crime in Ohio pursuant to *State v. Nolan,* 141 Ohio St.3d 454, 2014-Ohio-4800, and thus his sentence is invalid. He also argues that because of the confusion with the plea agreement, there was no meeting of the minds and therefore the bargain was unenforceable. Though appellant has raised this issue several times before in various ways, he appears to assert here that the newly recovered transcript of the plea hearing merits additional review by this court.

{¶17} This court addressed the ambiguity of appellant's plea agreement in *Jones I,* ultimately affirming the lower court's denial of appellant's motion to correct the record. For the purposes of *Jones I*, the parties agreed that the transcript of the plea hearing was not available. Nevertheless, this court found that it was clear from the record that

4

appellant pleaded guilty to Counts 1 and 3, the attempted purposeful murders of two separate victims. Critically, in *Jones I,* the parties "agree[d] that, as part of the written plea agreement, appellant was to plead guilty to an attempted murder count as to each of the two victims." *Id.* at ¶4. It is undisputed that Counts 1 and 2 involved Jon Rotilie as the victim, and Counts 3 and 4, Cassandra Badini. The parties further agreed that the written plea incorrectly stated Counts 1 and 2 and was corrected; the number "3" was written over the errant "2" and initialed by appellant. Nothing in the record suggests that appellant intended to or did plead guilty to Count 2.

{¶18} During the pendency of this appeal, the transcript of the plea hearing was recovered. However, it does not constitute "newly discovered evidence" as it supports the parties' agreement and this court's prior holding in *Jones I,* that appellant pleaded guilty to Counts 1 and 3, the attempted purposeful murder of two separate victims. It states, in pertinent part:

{¶19} PROSECUTOR: And in Case Number 2010-CR-320, I have had discussions with [defense counsel] and also with Mr. Jones in regard to that matter, and we reached the following agreement:

{¶20} Mr. Jones agrees to enter pleas of guilty of Counts 1 and 2 of the indictment. Count 1 is a charge of attempted murder, felony of the first degree; and Count 2 is a second victim, also a charge of attempted murder, both of those in violation of 2923.02(A), 2903.02(A), and 2929.02. Those are both felony ones.

{¶21} * * *

{¶22} And Count 3 - - it should be Count 1 and 3 of attempted murder. So there is a separate victim for each one. Count 2 was the same victim. I apologize for that. So they would have merged for sentencing purposes. One was felony murder and one was purposely. So it ends up to be 1 and 3 then. I just checked the indictments.

{¶23} * * *

5

**{¶24}** Your Honor, Mr. Jones has indicated on both those plea agreements his initials, Your Honor, to the corrections there [sic] were made.

**{¶25}** As we noted in *Jones I,* the plea agreement contained a clerical error, which was corrected, and it was clear from the record that all parties understood appellant to be pleading guilty to Counts 1 and 3, that is two counts of attempted purposeful murder of two separate victims. The recovered transcript supports this finding. As appellant has already brought this challenge in *Jones I*, he is barred by res judicata from again raising the issue here.

**{¶26}** Appellant's second assignment of error is without merit.

**{¶27}** Accordingly, the judgments of the Portage County Court of Common Pleas are affirmed.

THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.

Case No. 2020-P-0061